UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ESTATE OF SHARON FREESE-
PETTIBON *ex rel* CHAD O'MEALY,
EXECUTOR & PERSONAL
REPRESENTATIVE,

    Plaintiff,

  v.             CAUSE NO. 3:18-CV-831 DRL-MGG

NEXUS RVs, LLC,

    Defendant.

OPINION AND ORDER

In February 2017, Dr. Burl Pettibon and Sharon Freese-Pettibon purchased a new 2017 Nexus Bentley recreational vehicle from Nexus RVs, LLC. They hoped to see the country. The unit, claimed here to be riddled with defects, saw little use when he passed away in December 2017 and when she passed away in July 2018.

Ms. Freese-Pettibon's estate sued Nexus in October 2018 for express and implied warranty claims, including under the Magnuson Moss Warranty Act (MMWA). Nexus now requests summary judgment. Today the court addresses only the preliminary issue of the real party in interest.

Ms. Freese-Pettibon had a will[1] and at least one trust. The will includes provisions relevant to today's issue. The will directs all her tangible personal property at the time of her death, not otherwise explicitly distributed, to be placed into the estate's residue and then given to the United Family Trust [ECF 82-6 ¶¶ 3, 4]. Only the Estate brought this action, not the United Family Trust.

---

[1] In September 2018, a Washington state court confirmed that Ms. Freese-Pettibon's estate would be governed by her Last Will and Testament executed on September 20, 2013, and her First Codicil to Last Will and Testament executed on May 10, 2016. Construed together as the operative will, they were recorded in Lewis County, Washington on October 10, 2018. The court recognized Chad O'Mealy as the personal representative of his mother's estate.

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1); *see Weissman v. Weener*, 12 F.3d 84, 85 (7th Cir. 1993). The real party in interest is the one "who, by the substantive law, possesses the right sought to be enforced, and not necessarily the one who will ultimately benefit from the recovery." *Checkers, Simon & Rosner v. Lurie Corp.*, 864 F.2d 1338, 1343 (7th Cir. 1988) (citation omitted); *see also Wilmington Tr., N.A. v. 410 S. Main St. LLC*, 2022 U.S. Dist. LEXIS 21288, 14 (N.D. Ind. Feb. 7, 2022); Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1543 (2022). This requirement protects a "defendant against a subsequent action by the party actually entitled to recover." *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010).

Recognizing that often "a litigant cannot sue in federal court to enforce the rights of third parties," *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 757 (7th Cir. 2008), Nexus argues that the United Family Trust is the real party in interest here, not the Estate. The company says Ms. Freese-Pettibon's will directed all her property (not otherwise designated for distribution) to pass to the United Family Trust, not the Estate. No one argues that Nexus waived this defense—and a waiver argument can be waived. Instead, the Estate contends that the recreational vehicle has remained its property rather than the Trust's property.[2]

Federal law governs who is the real party in interest when it supplies the rule of decision, *Rawoof*, 521 F.3d at 756; *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 382 (7th Cir. 1990), but the MMWA provides only a vehicle for pursuing warranty claims in federal court when these claims remain otherwise informed by Indiana substantive law, *see Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 781 (7th Cir. 2011); *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001). Outside this law

---

[2] The court has jurisdiction notwithstanding this question about the will. The court "has no jurisdiction to probate a will or administer an estate" or "to dispose of property that is in the custody of a state probate court," *Marshall v. Marshall*, 547 U.S. 293, 310-12 (2006), but the court may adjudicate "matters outside [these] confines and otherwise within federal jurisdiction," *id.* at 312, such as a determination of possessory rights, *Commonwealth Tr. Co. of Pittsburgh v. Bradford*, 297 U.S. 613, 619 (1936) (such proceedings "are not *in rem*; they seek only to establish rights"). The court's federal question jurisdiction under MMWA thus remains intact.

2

governing the warranty claims, Indiana law directs the use of Washington law to interpret the will (though Indiana and Washington law seem to align so far as that interpretation goes). *See White v. United States*, 511 F. Supp. 570, 574 (S.D. Ind. 1981), *aff'd,* 680 F.2d 1156 (7th Cir. 1982).[3]

Who then possesses the right under substantive law to pursue these warranty claims? The parties only argue this subject based on who holds title to the recreational vehicle, though the issue may be more refined. The parties argue about the title without addressing the right to sue by either the personal representative or trustee under governing state law. The parties only argue this subject under Rule 17 without advising the court whether the issue actually sounds in Rule 25. The parties provide the court the will, but not the trust.

Ms. Freese-Pettibon had the right to sue on these warranty claims while she was alive, *see, e.g.,* Ind. Code § 26-1-2-714; 15 U.S.C. §§ 2301(3), 2310(d)(1), and now the MMWA recognizes as the real "consumer" in interest "any other person who is entitled . . . under applicable [s]tate law to enforce against the warrantor . . . the obligations of the warranty," 15 U.S.C. § 2301(3). When she passed away, title (or perhaps beneficiary title) to the recreational vehicle went to the United Family Trust, subject to any administration of the Estate—the real status of which the parties never articulate to the court to know whether this real "consumer" proves the personal representative or trustee.

Instead, assuming a Rule 56 standard, *cf.* Fed. R. Civ. P. 17, 25; Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1554 (2022) ("federal rules do not contain a specific procedure for raising [a real party in interest] objection"), the Estate tries to create a triable issue—begging the question whether that's proper procedure or whether that's an altogether odd thing to ask a jury to decide, if the Estate could create a fact issue. Consider in terms of efficiency what the parties would be required to do if the jury concluded that the Estate isn't the real party; and consider whether a judgment would

---

[3] This direction is consistent with the terms of Ms. Freese-Pettibon's will, which says it must be interpreted according to the laws of her domicile at the time of her death [ECF 82-6 ¶ 9(G)], or Washington law. Both parties otherwise cite, consistent with their prior stipulation [ECF 45], Indiana law.

even deprive the Trust (which was never a party or allowed to be heard) of a right even if the jury concluded that the Estate is. Of course, Nexus framed the issue just so.

The real question is who holds the right to sue on these warranty claims, and it should not be left to guesses. For today, whether construed as a Rule 17 motion or a Rule 56 motion, the Estate has not met its burden. The will says the recreational vehicle is property of the Trust (perhaps only contingent on estate administration). The Estate never explains why its tendered affidavits should be considered as extrinsic evidence to understand the will's plain language, or what other purpose they might serve. *See Holmes v. Holmes*, 396 P.2d 633, 634 (Wash. 1964); *In re Est. of Price*, 871 P.2d 1079, 1084 (Wash. Ct. App. 1994). A recently acquired title in Ms. Freese-Pettibon's name, now long deceased, raises no triable issue and establishes no right in the Estate.

That said, the parties leave seemingly competitive statutes untouched to address who has the right to the warranty claims, not just to the title. If under Indiana law, a personal representative has the right to sue to address an estate's assets or even to bring assets into the estate, including by asserting contract and tort claims, whereas the trustee (subject of course to the trust's terms that the court lacks) has the power to prosecute actions for the protection of trust property. *Compare* Ind. Code § 29-1-13-3 *and Spitler v. Schell*, 205 N.E.2d 155, 158 (Ind. 1965), *and Inlow v. Henderson, Daily, Withrow, & DeVoe*, 787 N.E.2d 385, 294 (Ind. Ct. App. 2003), *with* Ind. Code § 30-4-3-3; *see also* Ind. Code §§ 29-1-10-5, 29-1-10-21; RCW § 11.48.1010.

Still, even if at one time an estate remained to be administered (even if unsupervised), its personal representative has testified that today it is closed.[4] The parties walk through none of this in argument when the personal representative has said the estate has been closed, if in fact it truly has or whether it awaits the litigation's outcome to close.

---

[4] When asked whether the estate is still open, Mr. O'Mealy testified, "No . . . [b]ecause they had their affairs in order." [ECF 82-47 at 18].

4

The Estate has not argued Rule 25 (nor has Nexus). It may well be the court would be perfectly within its power to permit the case to proceed with the plaintiff as named, *see* Fed. R. Civ. P. 25(c), but this hinges on whether the Estate had the original right as the real party in interest when it filed its complaint and only lost its position some time thereafter when the estate closed—a subject that neither side addresses.

But concerns abound there too. Perhaps Mr. O'Mealy is the trustee and it matters little, and Rule 25 should be used. Or perhaps another family member or someone else altogether is the trustee; and that person's interests may align with the course of this litigation, and counsel of the Estate's choosing, or perhaps not. And forget not the risks to the defendant—the very risk that Rule 17 was intended to avoid—of a second action on these warranty claims, and perhaps even that risk if the court were to consider granting the summary judgment motion now on the merits. These risks would loom large if the court didn't order substitution, *see RK Co.*, 622 F.3d at 850, quite aside from the court's loss of efficiency and its goal of finality, *see* Fed. R. Civ. P. 1. This record doesn't present argument or evidence that would permit the court merely to allow the case to proceed under Rule 25.

Perhaps there are simple answers to these questions, perhaps these are the wrong questions to pose, and perhaps the court has even more questions to ask, but the court should not have to scour the record to sort it out. And this isn't an issue—particularly when it should be readily solvable or knowable—on which the result of the case should turn, or risk leaving one side without recourse or the other side without protection.

To that point, by rule the court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action," and that "[a]fter ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). A reasonable time under Rule 17, and likewise the option under

5

Rule 25, remain a matter of judicial discretion. *See Dillon v. Village of Flossmoor*, 769 Fed. Appx. 371, 374 (7th Cir. 2019); *Tate v. Snap-On Tools Corp.*, 1997 U.S. Dist. LEXIS 1485, 8 (N.D. Ill. Feb. 10, 1997); Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1555 (2022). Nexus hasn't argued why today's notice shouldn't be extended to the Estate.

The chosen battlelines of both the motion and response suggest a discretionary approach—and that is one of notice from the court of these issues. The court will set a status conference to hear from all the parties on a recommended approach for resolving the issue; and, once addressed, revisit any dispositive motions as to the real party in interest and merits and then trial, if necessary.

Accordingly, the court ORDERS the parties to meet and confer on this issue by October 3, 2022; ORDERS the parties to file a stipulation as to the real party in interest or, failing that, a joint status report as to their progress toward resolving this issue by October 10, 2022; SETS a Zoom status conference for October 14, 2022 at 10:00 a.m. to discuss with counsel an approach for resolving this issue; DENIES the summary judgment motion with leave to renew [ECF 66], DENIES the motions to exclude with leave to renew [ECF 64, 68], DENIES the motions to strike [ECF 85, 86], VACATES the trial date and final pretrial conference to be reset as needed; and DENIES AS MOOT the motion to continue deadlines by agreement [ECF 92]. The court anticipates that the parties will cooperate in exchanging documents or other information before the meet and confer that might bear on the real party in interest.

SO ORDERED.

September 12, 2022                                              *s/ Damon R. Leichty*
                                                                                    Judge, United States District Court