UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ESTATE OF SHARON FREESE-PETTIBON *ex rel* CHAD O'MEALY, EXECUTOR & PERSONAL REPRESENTATIVE, <br><br> Plaintiff, <br><br> v. <br><br> NEXUS RVs, LLC, <br><br> Defendant. | CAUSE NO. 3:18-CV-831 DRL |

OPINION AND ORDER

This warranty case has morphed for the moment into a trust-versus-estate dispute—and one that requires the court to tread carefully given the probate exception to federal jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 310 (2006). In February 2017, Dr. Burl Pettibon and Sharon Freese-Pettibon purchased a new 2017 Nexus Bentley recreational vehicle from Nexus RVs, LLC. The unit saw little use when he passed away in December 2017 and when she passed away in July 2018.

Ms. Freese-Pettibon had executed a will[1] and created at least one trust. The will included a pour-over provision. The will directed all her tangible personal property at the time of her death, not otherwise explicitly distributed, to be administered as part of the Estate's residue and given to the United Family Trust. The Estate sued Nexus in October 2018 for express and implied warranty claims, including under the Magnuson-Moss Warranty Act (MMWA).

---

[1] In September 2018, a Washington state court confirmed that the Estate would be governed by Ms. Freese-Pettibon's Last Will and Testament executed on September 20, 2013, and her First Codicil to Last Will and Testament executed on May 10, 2016. Construed together as the operative will, they were recorded in Lewis County, Washington on October 10, 2018. The court recognized Chad O'Mealy as the personal representative of his mother's Estate.

Only the Estate brought this action, not the United Family Trust. At summary judgment, though not earlier, Nexus argued that the real party in interest had not been named to pursue these claims. Before addressing the other summary judgment arguments, and consistent with Federal Rules of Civil Procedure 17 and 25, the court ordered the parties to meet and confer to resolve this issue or to submit supplemental briefing to address questions left unanswered by the record.

Without a resolution of the issue, the court must decide today whether the Estate or the United Family Trust is the real party in interest under these rules. The Estate argues that it is the real party in interest, whereas Nexus says it is the United Family Trust. The answer: the Estate is.

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1); *see Weissman v. Weener*, 12 F.3d 84, 85 (7th Cir. 1993). The real party in interest is the one "who, by the substantive law, possesses the right sought to be enforced, and not necessarily the one who will ultimately benefit from the recovery." *Checkers, Simon & Rosner v. Lurie Corp.*, 864 F.2d 1338, 1343 (7th Cir. 1988) (citation omitted); *see also Wilmington Tr., Nat'l Ass'n v. 410 S. Main St. LLC*, 584 F. Supp. 3d 689, 701 (N.D. Ind. 2022); Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1543 (2022). This requirement protects a "defendant against a subsequent action by the party actually entitled to recover." *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010).

Federal law governs who is the real party in interest when it supplies the rule of decision, *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008); *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 382 (7th Cir. 1990), but the MMWA provides only a vehicle for pursuing warranty claims in federal court when these claims remain otherwise informed by Indiana substantive law, *see Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 781 (7th Cir. 2011); *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001). The court thus looks initially to Indiana substantive law. *See American Nat'l Bank & Tr. Co. of Chi. v. Weyerhaeuser Co.*, 692 F.2d 455, 459 (7th Cir. 1982); *see also* Fed. R. Civ. P. 17(b)(3) ("Capacity to sue or be sued is determined . . . by the law of the state where the court is located[.]").

The real party in interest is the one who possesses the right to be enforced. *See People of the State of Ill. v. Life of Mid-America Ins. Co.*, 805 F.2d 763, 764 (7th Cir. 1986). The right to be enforced today is warranty-related relief. Ms. Freese-Pettibon had the right to sue on these warranty claims while she was alive, *see, e.g.*, Ind. Code § 26-1-2-714; 15 U.S.C. §§ 2301(3), 2310(d)(1), and now the MMWA recognizes as the real "consumer" in interest "any other person who is entitled . . . under applicable [s]tate law to enforce against the warrantor . . . the obligations of the warranty," 15 U.S.C. § 2301(3).

Indiana law says the warranty causes of action survive and may be brought by the decedent's representative—that is, her "legal representatives or successors in interest." Ind. Code. § 34-9-3-1. Both personal representatives and trustees may serve as real parties in interest, *see Rawoof*, 521 F.3d at 755, including to pursue "choses in action," or simpler said these warranty claims, *see, e.g., Inlow v. Henderson, Daily, Withrow & DeVoe*, 787 N.E.2d 385, 394 (Ind. Ct. App. 2003); *see also* Ind. Code §§ 29-1-10-5, 29-1-10-21, 30-4-3-3; RCW §§ 11.48.010, 11.48.090, 11.98.070(37).

Indiana law substantively governs the warranty claims and who qualifies as the real party in interest, but it otherwise directs the use of Washington law to interpret the will.[2] *See White v. United States*, 511 F. Supp. 570, 574 (S.D. Ind. 1981), *aff'd,* 680 F.2d 1156 (7th Cir. 1982). The parties are aligned to argue Washington law at this point.

The will has three provisions that matter today. First, the will grants the personal representative all powers under Title 11 of the Washington Revised Code, which includes the right to distribute property, to administer an estate, to collect debts, and to file suit to recover property or to help manage an estate, including actions founded on contracts. *See* RCW §§ 11.48.010, 11.48.090, 11.68.090(1)(e). Second, the will directs the personal representative to pay—from the residue—the Estate's

---

[2] This direction is consistent with the terms of Ms. Freese-Pettibon's will, which says it must be interpreted according to the laws of her domicile at the time of her death, or Washington law.

3

obligations, including expenses, charges, and enforceable claims against the Estate. Third, the will gifts the remainder of property, including choses in action, to the United Family Trust.

"When construing a will, courts must give effect to the testator's intent as of the time of the will's execution" and as can "be garnered from the language of the will." *In re Est. of Price*, 871 P.2d 1079, 1084 (Wash. Ct. App. 1994). "The court cannot rewrite the will; the intent of the testator, as manifested by the language of the will, must be given effect if it is lawful." *Holmes v. Holmes*, 396 P.2d 633, 634 (Wash. 1964). The court finds no ambiguity that would invite a need for extrinsic evidence.

Historically, and primarily, a personal representative governed by a will subject to Washington law retains an exclusive right to maintain an action to recover property of the estate. *See Rummens v. Guar. Tr. Co.*, 92 P.2d 228, 232 (Wash. 1939). This is often a "prior right"—except, for instance, when there is no need for administration, or the estate has been closed. *Id.* Today the court has been provided evidence that the Estate has not been closed and that certain expenses remain.

Estate planning at times includes a living trust and pour-over will. While alive, a person can title property in the trust's name to avoid probate, quicken administration after her death, effectuate a private transfer of assets to beneficiaries, and handle taxes smartly. A pour-over provision in a will ensures that the property in her estate, not otherwise designated to the trust while she lived, will "pour over" into the trust at the time of her death. *See In re Est. of Wimberley*, 349 P.3d 11, 15 (Wash. Ct. App. 2015). State law governs whether this occurs immediately at death or subject to probate.

The parties debate this point under Washington law.[3] Nexus says it occurs immediately such that the recreational vehicle and the causes of action related to the unit transferred immediately upon Ms. Freese-Pettibon's death. By statute, "[u]nless the will provides otherwise, the property so given shall not be deemed to be held under a testamentary trust of the testator but shall become a part of

---

[3] The probate court likewise has ordered the Estate to be administered according to Washington law.

4

the trust to which it is given to be administered and disposed of in accordance with the terms of the instrument establishing the trust." RCW § 11.12.250.

Nexus gives this statute a fair reading—particularly when the Washington Legislature directed assets subject to a pour-over provision to be "administered," not just distributed or disposed of, by the trustee.[4] One court has held that such a pour-over provision funded a living trust "immediately" on the decedent's death, *see In re Est. of Reugh*, 2021 Wash. App. LEXIS 2967, 18 (Wash. Ct. App. 2021), and perhaps lends the best predictor of how the Washington Supreme Court might interpret this provision in the will, *see Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002).[5] Nothing shows this statute means only a beneficiary interest, and not also a possessory interest. Of course, a trustee may then prosecute actions to protect trust property. *See* RCW § 11.98.070(37).

But, even if correct, this immediate vesting of property in the trust would prove true "*unless the will provides otherwise.*" RCW § 11.12.250 (emphasis added). And this will provides otherwise. The will directs the personal representative to pay the Estate's expenses and enforceable debts—and to do so from the residue. That could not be done by the personal representative, particularly when on this record such expenses or debts remain, if the residue immediately passed to the trust. The court won't read one provision of the will (the pour-over provision) in such a manner as to render another provision of the will (the provision for payment of expenses from the same residue) meaningless. *See*

---

[4] "Administered" means the management of assets in the trust corpus and performance of duties by the trustee. *See* Administration, *Black's Law Dictionary* (11th ed. 2019); *see also* ECF 97-1 at 3 (trust agreement saying designated property "shall constitute the initial trust estate and shall be held, administered, and distributed" by the trustee per this agreement). A testamentary trust is a "trust that is created by a will and takes effect when the settlor (testator) dies." Trust, *Black's Law Dictionary* (11th ed. 2019).

[5] *Dicta* from two other cases suggest this transfer of property occurs "upon death" based on the wills at issue there, but it isn't considered *dicta*. *See US Bank Nat'l Ass'n v. Est. of Jacklin*, 2018 Wash. App. LEXIS 1260, 3-4 (Wash. Ct. App. 2018) ("The parties agree that, upon her death, title to the Property transferred to the Trust under the terms of the pourover will."); *In re Est. of Anches*, 2019 Wash. App. LEXIS 2009, 2 (Wash. Ct. App. 2019) (Decedent "executed a will under which all his property [] transferred into [the trust] upon his death."); *see also Nielen-Thomas v. Concorde Inv. Servs., LLC*, 914 F.3d 524, 534 (7th Cir. 2019) (casual *dicta*, rather than considered *dicta*, carries little weight).

*Snohomish Cnty. Pub. Transp. Benefit Area Corp. v. FirstGroup America, Inc.*, 271 P.3d 850, 856 (Wash. 2012) (citing *Wagner v. Wagner*, 621 P.2d 1279, 1283 (Wash. 1980)); *see also In re Est. of Campbell*, 942 P.2d 1008, 1012 (Wash. Ct. App. 1997) ("courts are to give effect to every part of a will").

Quite aside from the outstanding payoff on the recreational vehicle, which perhaps could pass with the asset (a point the court need not decide), at the time the personal representative filed his petition for probate, he reported that the Estate included the claims against Nexus and expenses for fees and administration of approximately $10,000. The warranty claims have not been liquidated to finance these expenses, and nothing on this record indicates that these expenses have been paid. Thus there is still an estate to administer, and there is still a provision of the will to effectuate before the transfer of the residue to the United Family Trust. Nexus has not argued why the precise order of provisions otherwise within the will should necessitate a different result.

The Estate is thus the real party in interest to pursue the warranty claims here. This determination remains within the court's jurisdiction because it avoids interference with the Estate's administration or the disposition of any property, otherwise left to the Washington probate court, and only adjudicates the right to sue. *See Marshall*, 547 U.S. at 311-12; *Commonwealth Tr. Co. of Pittsburgh v. Bradford*, 297 U.S. 613, 619 (1936).

Accordingly, the court DENIES Nexus' motion, construed under Rule 17, to dismiss for failure to name the real party in interest.[6] Given the resolution of this issue today, the proposed supplemental summary judgment briefing from the Estate, and the motions to strike contra local rule, the court ORDERS the parties to revise and file their summary judgment submissions on the merits, compliant with federal and local rules, in accordance with the following schedule: Nexus' summary judgment filings by March 20, 2023; any responsive filings by April 10, 2023; and any reply by April

---

[6] On today's record, the result would be no different even if the motion were maintained under Rule 56.

20, 2023. The court will address the original Rule 702 motions to exclude as appropriate, without need for the parties to refile.

SO ORDERED.

February 27, 2023                                       *s/ Damon R. Leichty*
                                                        Judge, United States District Court